■ In the Matter of PSYCHIATRIC SERVICES CENTER, INC., Respondent-Appellant, v CHARLES W. BATES, as Westchester County Commissioner of Social Services, et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the county and State Commissioners of Social Services to resume Medicaid vendor payments to the petitioner for psychiatric services administered to patients, the parties cross-appeal from (1) an order of the Supreme Court, Westchester County, dated September 26, 1978, which directed an administrative hearing on the issue of petitioner's right to continue to administer psychiatric services to methadone patients (we treat this court's order dated April 13, 1979 as granting leave to appeal from the order); and (2) so much of a further order of the same court, dated December 12, 1978, as, upon granting a motion to "reargue and renew", adhered to the original determination. Appeal from order dated September 26, 1978 dismissed as academic, without costs or disbursements. This order was superseded by the order dated December 12, 1978, granting reargument and renewal. Order dated December 12, 1978 reversed insofar as appealed from, on the law, without costs or disbursements, and proceeding dismissed on the merits. It is uncontested that the petitioner Psychiatric Services Center, Inc., was automatically dissolved by virtue of section 1009 of the Not-For-Profit Corporation Law when the period of duration stated in its

charter expired on June 10, 1976. As a dissolved corporation it could continue to function only for the purpose of winding up its affairs and it had no right to be reimbursed for services rendered to Medicaid recipients after dissolution (see Not-For-Profit Corporation Law, § 1006). Accordingly, Special Term erred in directing a hearing. Petitioner's motion to supplement the record on appeal by filing a transcript of the State administrative hearing afforded the petitioner's *patients* is denied, since it was not part of the record before Special Term (see 10 Carmody-Wait 2d, NY Prac, § 70:282). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.